```
 1  JOSEPH F. COYNE, JR., Cal. Bar No. 93707
    MICHELLE SHERMAN, Cal. Bar No. 136799
 2  jcoyne@sheppardmullin.com
    msherman@sheppardmullin.com
 3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 48th Floor
 4  Los Angeles, California 90071-1448
    Telephone:  213-620-1780
 5  Facsimile:   213-620-1398

 6  Attorneys for Defendants
    FORT JAMES CORPORATION
 7  AND RELATED ENTITIES

 8  Leo R. Beus/Ariz. Bar No. 002687 (Pro hac vice)
    Albert J. Morrison/Calif. Bar No. 198047
 9  BEUS GILBERT PLLC
    ATTORNEYS AT LAW
10  4800 North Scottsdale Road, Ste. 6000
    Phoenix, Arizona 85251
11  Telephone (480) 429 3000
    Facsimile:  (480) 429 3100
12
    Attorneys for Liquidating Trustee
13
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CROWN VANTAGE, INC.,<br><br>Debtor.<br><br>Employer I.D. #54-1752384<br><br>CROWN PAPER LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP f/k/a COOPERS & LYBRAND, et al.<br><br>Defendants.<br><br>CROWN PAPER COMPANY; CROWN | Case Nos.  C 02-3836 MMC<br>            C 02-3838 MMC<br>            C 02-3839 MMC<br><br>~~PROPOSED~~ ORDER APPROVING THE SETTLEMENT AGREEMENTS BETWEEN CROWN AND FORT JAMES AND CERTAIN LIQUIDATING TRUST DEFENDANTS<br><br>Date:       May 25, 2007<br>Time:       9:00 a.m.<br>Courtroom:  7 (19th Floor)<br>Judge:      Hon. Maxine M. Chesney |

| | |
|---|---|
| 1 | VANTAGE, INC., JEFFREY H. BECK, Liquidating Trustee; and CROWN PAPER LIQUIDATING TRUST, |
| 2 | |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | FORT JAMES CORPORATION, f/k/a JAMES RIVER CORPORATION OF VIRGINIA; FORT JAMES OPERATING COMPANY; FORT JAMES FIBER COMPANY, f/k/a JAMES RIVER TIMBER CORPORATION; and FORT JAMES INTERNATIONAL HOLDINGS, LTD., f/k/a JAMES RIVER INTERNATIONAL HOLDINGS, LTD., |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Defendants. |

On March 27, 2007, Plaintiffs Jeffrey H. Beck, Liquidating Trustee, the Crown Paper Liquidating Trust (collectively, "Trustee"), Crown Paper Company, Crown Vantage, Inc. and Defendants Fort James Corporation, Fort James International Holdings, Ltd. and Georgia Pacific Consumer Products LP (f/k/a Fort James Operating Company) (collectively "Fort James"), filed in the Bankruptcy Court the Agreed Motion Of Liquidating Trustee Of Crown Paper Liquidating Trust For (1) Withdrawal Of The Reference With Respect To Motion To Approve Compromise Of Controversy and (2) Assignment Of Motion To Approve Compromise Of Controversy To District Court Presiding In Related Cases (the "Withdrawal Motion") with respect to the Settlement Agreement signed by the Trustee and the Fort James Released Parties (as defined in the Fort James Settlement Agreement), the Settlement Agreement signed by the Trustee and certain defendants in *Crown Paper Liquidating Trust v. Coopers & Lybrand, et al.*, Case No. C-02-2836 (as defined in the Liquidating Trust Settlement Agreement) and the Settlement Agreement between Credit Suisse Securities (USA) and the Trustee which will be in the same form or substantially the same form as Exhibit 7 attached to the Joint Motion of Liquidating Trustee of Crown Trust and Fort James Pursuant to F.R.B.P. 9019 to Approve Compromise of Controversy, together the "Settlement

Agreements".[1]  Pursuant to the Agreed Motion, the Trustee asked this Court to withdraw the reference and to hear and determine the Joint Motion Of Liquidating Trustee Of Crown Trustee And Fort James Pursuant To F.R.B.P. 9019 To Approve Compromise Of Controversy (the "Settlement Motion").

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The Court has jurisdiction over the subject matter of these actions and the Settlement Agreements under 28 U.S.C. §§ 1334(b) and 157(d).

2.   The Court finds that notice of the Settlement Agreements and proposed Approval Order was good and sufficient under applicable law and rules. The Court further finds that notice was reasonable and apprised all parties and creditors of the pendency of the Settlement Agreements and Approval Order and afforded them the opportunity to present objections.

3.   The Court finds that: (a) no oppositions have been filed to the Settlement Agreements or the proposed Approval Order within the time allowed by law; (b) the Trustee has authority under the Debtors' Second Amended Disclosure Statement and Joint Liquidating Plan of Reorganization, which plan became effective as of March 1, 2002, to enter into the Settlement Agreements; and (c) the Settlement Agreements are approved and adjudicated to be fair, reasonable and adequate with respect to the Trustee, the Debtors, the Debtors' bankruptcy estates, the Fort James Released Parties, and the Liquidating Trust Case Defendants.  The Settlement Agreements, including the definitions contained therein, are incorporated by reference in this Approval Order.

4.   The Settlement Agreements are adjudicated to be Settlements entered into in good faith.

---

[1] Defendants Fort James Corporation, Fort James International Holdings, Ltd., and Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company) (collectively, "Fort James") and PricewaterhouseCoopers LLP, McGuireWoods LLP, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Salomon Smith Barney, Inc., Clifford A Cutchins, Stephen E. Hare, Robert C. Williams, Houlihan Lokey Howard & Zukin, E. Lee Showalter, William V. Daniel, Joseph T. Piemont, and Ernest Leopold (collectively the "Liquidating Trust Case Defendants," together and with Fort James referred to as the "Fort James Released Parties") were advised of and did not object to the Withdrawal Motion.

5.  The Court does hereby approve and grant the Settlement Motion and the compromise therein and directs the Trustee, Fort James and Fort James Released Parties, the Trustee and the Liquidating Trust Case Defendants and the Trustee and Credit Suisse Securities (USA) to consummate their respective Settlement Agreements and all terms thereof.

6.  Neither this Approval Order nor any term or provision of the Settlement Agreements shall be offered or received against any Fort James Released Party, any settling party, the Crown Paper Liquidating Trust Case Defendants, or the Trustee as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged in or the validity of any claim that was asserted or could have been asserted in these actions.

7.  The Court authorizes the Trustee to disburse the SETTLEMENT AMOUNT to persons or entities eligible to receive payment. The timing of such disbursement shall be consistent with the terms contained in paragraph 2 of the Fort James Settlement Agreement.

8.  Jurisdiction is retained over the parties and the Settlement Agreements for all matters relating to the administration, interpretation, effectuation or enforcement of the Settlement Agreements and this Approval Order under the principles set forth in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994).

9.  The May 25, 2007 hearing is hereby VACATED.

DATED: May 9, 2007.

Maxine M. Chesney
United States District Judge